# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| TIFFANY GAINES, *individually and on behalf of those similarly-situated*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. |
| TEKPRO, LLC, YUJUNG "CHRIS" YONG, and WEI TING "TINA" CHANG, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) ) |

## COLLECTIVE ACTION COMPLAINT
## UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C § 201 *Et. Seq.*

Comes Plaintiff Tiffany Gaines, by and through counsel, and, for her Collective Action Complaint Under the Fair Labor Standards Act, 29 U.S.C. § 201 *Et. Seq.* against Defendant Tekpro, LLC, Yujung "Chris" Yong and Wei Ting "Tina" Chang, states as follows:

### I. Introduction to the Action

1. Defendant Tekpro, LLC has for years illegally and systematically deprived Plaintiff of overtime compensation owed for work that is not exempt under the Fair Labor Standards Act (FLSA). Specifically, although Plaintiff was Tekpro's employee, Tekpro paid Plaintiff as if Plaintiff was an independent contractor. Tekpro maintained records of the amount of time Plaintiff worked, and paid Plaintiff based on an hourly rate, but did not pay Plaintiff a higher hourly rate when Plaintiff worked more than forty hours in a workweek. Tekpro similarly failed to pay overtime compensation to other employees based on similarly mischaracterizing those employees as independent contractors. Because Defendant's violations of the FLSA were willful and not in

good faith, Defendant should be required to pay Plaintiff and the similarly-situated employees[1] two times the amount[2] it illegally cheated them in unpaid overtime compensation, plus attorney's fees and other expenses of this action.

## II. Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under federal law, including 29 U.S.C. § 216(b).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendant's primary place of business is located in Mount Juliet, Wilson County, Tennessee within the District of this Court and Plaintiff worked for Defendant in Mount Juliet, Wilson County, Tennessee within the District of this Court.

## III. Parties

4. Plaintiff has worked for Defendant Tekpro from a starting date more than three years prior to the filing of this action until the present; as discussed in more detail in Section IV(B) below, Tekpro paid Plaintiff as if she were an independent contractor, but Plaintiff was not an independent contractor, she was instead Tekpro's employee and her work were covered by the FLSA.

---

[1] A consent form which similarly-situated employees may use to opt-in to this action under the FLSA is attached hereto as Exhibit 1.

[2] The FLSA allows an employee to recover two times the amount of unpaid overtime compensation under these circumstances. 29 U.S.C. § 216(b) ("[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their … their unpaid overtime compensation, … and in an additional equal amount as liquidated damages…. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")

5. Throughout her employment with Tekpro, Plaintiff resided and worked for Defendant in the State of Tennessee and her work was governed by the FLSA, as discussed in more detail in Section IV(D)(1) below.

6. Defendant Tekpro, LLC is an Alabama for-profit limited liability company; upon information and belief, Defendant Tekpro, LLC may be served by service of process on its Registered Agent, Yujung "Chris" Yong, at 332 Forest Bend Dr., Mount Juliet, TN 37122-8402.

7. Defendant Yujung "Chris Yong is an individual owner and manager of Defendant Tekpro, LLC who at all times has controlled the payment of wages to workers and directed Defendant Tekpro, LLC to mischaracterize workers as independent contractors, when they are in fact employees; Mr. Yong may be served at 332 Forest Bend Dr., Mount Juliet, TN 37122-8402.

8. Defendant Wei Ting "Tina" Chang is an individual owner and manager of Defendant Tekpro, LLC who at all times has controlled the payment of wages to workers and directed Defendant Tekpro, LLC to mischaracterize workers as independent contractors, when they are in fact employees; Ms. Chang may be served at 332 Forest Bend Dr., Mount Juliet, TN 37122-8402.

9. During all times relevant, Defendant was an employer governed by the FLSA; it was an enterprise covered by the FLSA, as discussed in more detail in Section IV(D)(2) below.

10. Defendant employs and has employed in the last three years numerous other non-exempt employees in the state of Tennessee and, like Plaintiff, deprived those employees of overtime compensation owed under the FLSA by improperly paying the employees as if they were independent contractors (which they were not).

## IV. Facts

### A. Plaintiff Worked More Than 40 Hours For Tekpro in Numerous Weeks

11. Throughout her employment, Plaintiff worked a position that was non-exempt under the Fair Labor Standards Act.

12. Specifically, Plaintiff worked in Defendant's office coordinating Tekpro's warranty repair work.

13. Defendant Tekpro provides warranty related services, including coordinating the repairing of Samsung brand products.

14. Defendant makes money by being reimbursed for these services by the companies whose warranties were being addressed, including Samsung, with payment coming to Tekpro indirectly through other intermediary companies with whom Defendant Tekpro has business arrangements, including Friendstek, LLC.

15. To operate this business model, Tekpro maintains both office-based and field-based employees.

16. Plaintiff worked in Tekpro's office.

17. Tekpro paid Plaintiff an hourly rate for Plaintiff's work for Tekpro.

18. Tekpro prepared a form of spreadsheet which both Plaintiff and Defendant Chang could access.

19. To this spreadsheet, Plaintiff would add the time she started and stopped working every day.

20. Defendant Chang would utilize the times inputted by Plaintiff to pay Plaintiff based on an hourly rate of pay.

21. Defendant Chang would then add to the spreadsheet the amount Plaintiff was paid.

22. In this manner, Tekpro's own records demonstrate that Plaintiff worked for Tekpro more than 40 hours in many workweeks.

23. When Plaintiff would work more than 40 hours for Tekpro in a workweek, Tekpro would pay Plaintiff the same rate of pay for her work in excess of 40 hours as it did for the first 40 hours in the workweek.

24. Stated another way, Tekpro did not pay Plaintiff overtime premium compensation for her overtime work.

25. Attached hereto as Exhibit 2 is Defendant Tekpro's spreadsheet showing the number of hours worked by Plaintiff in 2019.

26. Attached hereto as Exhibit 3 is Defendant Tekpro's spreadsheet showing the number of hours worked by Plaintiff in 2020.

27. Attached hereto as Exhibit 4 is Defendant Tekpro's spreadsheet showing the number of hours worked by Plaintiff in 2021.

28. Attached hereto as Exhibit 5 is Defendant Tekpro's spreadsheet showing the number of hours worked by Plaintiff in 2022, through October 24, 2022.

**B.** **Plaintiff Was an Employee, Not an Independent Contractor.**

29. At all times material to this action, Plaintiff and the similarly-situated employees have been entitled to overtime compensation.

30. Specifically, Plaintiff and the similarly-situated employees were in fact employees, and not independent contractors.

31. Indeed, Defendant's paystubs would specifically list Plaintiff and the similarly-situated employees as an "employee", listing the name of Plaintiff and each similarly-situated under a section of the paystub for "Employee Name".

32. Copies of Plaintiff's paystubs are attached hereto collectively as Exhibit 6.

33. Defendant coordinated health insurance and life insurance to be provided to Plaintiff and the similarly-situated employees.

34. Upon information and belief, the insurances provided the type of insurance Tekpro sought for the worker only to employees of employers; they did not provide this type of insurance to independent contractor workers of companies.

35. Upon information and belief, to obtain and be able to offer health and life insurance as a benefit to Plaintiff and the similarly-situated employees, Defendant represented to the health and life insurance providers that Plaintiff and the similarly-situated employees were Tekpro's employees and further represented to the health and life insurance providers that Plaintiff and the similarly-situated employees were not Tekpro's independent contractor workers.

36. However, for other purposes, Tekpro characterized Plaintiff and the similarly-situated employees as independent contractors.

37. For instance, upon information and belief, Tekpro did not treat the compensation paid to Plaintiff and the similarly-situated employees as wages and thus did not report it on Form 941 filings with the Internal Revenue Service.

38. Instead, Tekpro issued Form 1099 forms to Plaintiff and the similarly-situated employees for the compensation paid to them for their work.

39. Attached collectively hereto as Exhibit 7 are 1099 forms Tekpro issued to Plaintiff relating to her compensation for work for Tekpro.

40. Setting aside how Tekpro characterized Plaintiff's work, it is clear that Plaintiff's work was as an employee and not as an independent contractor.

41. Specifically, Tekpro controlled all aspects of Plaintiff's work.

42. Plaintiff was not given discretion in when, how or where she performed the work.

43. Plaintiff had never, prior to working for Tekpro, performed any work relating to coordinating warranty repairs, and Tekpro trained Plaintiff in all aspects of how to perform the work.

44. Tekpro's owners, Yong and Chang, supervised Plaintiff's work and they would tell Plaintiff how to perform the work.

45. Tekpro told Plaintiff that Plaintiff would be paid an hourly rate of pay for her work.

46. Plaintiff did not have any opportunity to profit by performing the work in any particular way.

47. Similarly, Plaintiff did not risk loss depending on how the work was performed; she was paid for her work on an hourly basis.

48. Defendant provided all of the equipment and materials used to perform the work; Plaintiff did not furnish any of her own materials or equipment for the work.

49. Tekpro furnished the office in which the work was performed.

50. The relationship was intended to be permanent; indeed, Plaintiff has now been working for Tekpro for nearly four years.

51. Plaintiff had no particular skill or education relating to the work to be performed; she instead learned how to perform the work through on-the-job training provided by Tekpro.

52. Plaintiff had regularly scheduled hours.

53. Plaintiff's schedule was set by Tekpro; Plaintiff did not set her own schedule.

54. Plaintiff did not provide any similar work for other companies.

55. Tekpro arranged with other companies, primarily Friendstek, to furnish projects upon which Plaintiff would perform work; Plaintiff was not responsible for generating the employment, but instead on processing the orders that Tekpro would arrange to be provided.

56. There was no written contract between Plaintiff and Tekpro.

57. Instead, Tekpro simply orally told Plaintiff that she would be paid at an hourly rate at the beginning of her work.

### C. Defendants Improperly Mischaracterized Numerous Other Employees as Independent Contractors.

58. In addition to mischaracterizing Plaintiff, Tekpro similarly characterized other workers as independent contractors when they were in fact employees.

59. For instance, Tekpro employed other office workers who performed the same type of work as Plaintiff.

60. Defendant did not pay these workers overtime compensation, although they worked

61. Upon information and belief, Defendant maintained spreadsheets of the hours worked by each of these workers, similar to the spreadsheets attached hereto as Exhibits 2-5 through October 24, 2022.

### D. The FLSA Applies to the Work of the Employees.

#### 1. The Workers are Working in Interstate Commerce.

62. Defendant's employees are engaged in interstate commerce;

63. Specifically, their work primarily involves the servicing in Tennessee of warranties for Samsung products manufactured outside of Tennessee.

64. The warranty obligations are owed to Tennessee customers by Samsung, which is based in South Korea, but does business throughout the United States of America.

65. Many of the Samsung products which Tekpro services in Tennessee were sold to customers in sales occurring outside of Tennessee, and the warranty work is thus warranty work being performed pursuant to warranties issued in states other than Tennessee.

66. Upon information and belief, wherever the sales occurred in the United States, the Samsung warranties (for which the Tekpro work is performed) specifically provide that they are governed by the law of New York, not Tennessee law.

67. Defendant contracts with (and/or has a business arrangement with) and is paid for the work performed by Tekpro's worker by Friendstek, LLC.

68. As part of their work, Tekpro's workers regularly access and deal with documents, including work orders, generated (or otherwise conveyed to Tekpro) by Friendstek outside Tennessee.

### 2. Defendant is Subject to the FLSA's Enterprise Coverage

69. Further, in addition to the workers working in interstate commerce (including as alleged above), Tekpro is an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203.

70. Specifically, at all relevant times, Tekpro has employed two or more employees who have, as part of their work, handled or worked on goods and/or materials that have been moved in and/or produced in interstate commerce.

71. Upon information and belief, at all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000.00.

**72.** The unlawful acts alleged in this Complaint were committed by Defendant and/or its officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

## V. Collective Definitions

73. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following proposed collective group:

> All current and former workers of Tekpro, LLC who were paid on an hourly basis and worked in excess of 40 hours in one or more workweeks since November 1, 2019 and were not fully paid all overtime compensation owed (the "FLSA Collective") based on being characterized by Tekpro, LLC as being independent contractors.

74. Plaintiff reserves the right to redefine the proposed collective group prior to notice and/or "de-certification" of the collective group, as may be warranted, appropriate and/or necessary.

## VI. Collective Action Allegations

75. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

76. Plaintiff desires to pursue her FLSA claims on behalf of herself individually and on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b); Plaintiff proposes that other employees may opt-in using the blank consent form attached hereto as Exhibit 1 and Plaintiff herself has executed a consent to bring this action, a copy of which is attached hereto as Exhibit 8.

77. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime compensation for hours worked over forty (40) during the workweek.

78. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common employee classification, compensation, timekeeping and payroll practices.

79. Specifically, Defendant failed to compensate Plaintiff and the similarly-situated employees for all overtime hours worked and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for all hours worked in excess of forty (40) per workweek.

80. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

81. The similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail, email and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.[3]

## COUNT I

### Violation of the FLSA: Failure to Properly Pay Overtime Compensation
### (On Behalf of Plaintiff and the FLSA Collective)

82. All previous paragraphs are incorporated as though fully set forth herein.

83. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate. *See* 29 U.S.C. § 207(a)(1).

84. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

---

[3] To ensure that Defendant is aware, with respect to Plaintiff and individuals who opt-in to this action who incur damages after the filing of this action as a result of Defendant continuing its illegal practices after the filing of this Complaint, (a) such damages will be sought in this action and (b) such continuation will be used as further evidence of Defendant's willfulness in violating the FLSA prior to the filing of this action.

85. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

86. During all relevant times, Plaintiff and the members of the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

87. During all relevant times, Plaintiff and the Collective Members were not exempt from the requirements of the FLSA.

88. Plaintiff and the Collective Members each worked more than forty (40) hours in one or more workweeks without overtime compensation and are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

89. Defendant knowingly failed to properly compensate Plaintiff and the Collective Members for all hours worked when they worked in excess of forty (40) hours per week, including by failing to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

90. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

91. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. The issuance of process, and the bringing of Defendant before the Court;

b. An order directing Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. A jury trial on all issues of fact;

d. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for unpaid wages and compensatory damages and prejudgment interest to the fullest extent permitted under the law;

e. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for liquidated damages to the fullest extent permitted under the law;

f. A judgment against Defendant in favor of Plaintiff and the members of the FLSA Collective for litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief to which Plaintiff, the FLSA Collective and/or the Rule 23 Class is entitled or which this Court otherwise deems just and proper.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster (#023636)
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
MFoster@MarkNFoster.com
*Counsel for Plaintiff Tiffany Gaines*