IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIFFANY GAINES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:22-cv-00883 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| TEKPRO, LLC, et al., | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is the parties Joint Motion for Approval of Settlement Agreement. (Doc. No. 28). The Court has reviewed the parties' settlement agreement and the Declaration of Mark N. Foster. (Doc. Nos. 28-1, 28-2). Though the title of the settlement agreement states that the agreement is "confidential," the agreement contains no confidentiality provisions or similar restrictions on the plaintiffs' discussion or disclosure of the settlement. As such, the Court considers the term in the title superfluous and of no effect, and the parties will not be bound by any terms of confidentiality. *See Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-cv-022390JPM, 2014 WL 2959481, at *5 (W.D. Tenn. Jun. 13, 2014) (quoting *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010) (finding that generally, confidentiality provisions in FLSA settlement agreements "contravene[] 'Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.'")); s*ee also, Camp v. Marquee Construction, Inc.*, No. 2:18-cv-831, 2020 WL 59517 (S.D. Ohio Jan. 6, 2020) ("[T]he majority of trial courts in this Circuit have held there is a strong presumption in favor of public access to FLSA settlement agreements in FLSA cases and that a confidentiality provision 'contravenes the legislative purpose of the FLSA'"); *Guareno v. Vincent Perito, Inc.*,

2014 WL 4953746 (S.D.N.Y. Sept. 26, 2014) (confidentiality provision in FLSA settlement agreement is "contrary to well-established public policy"); *Dees*, 706 F. Supp. 2d at 1242 ("By including a confidentiality provision, the employer thwarts the information objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right.").

Having reviewed the terms of the agreement, the Court finds that it appears to be a fair and reasonable settlement of the wage claims presented on behalf of Tiffany Gaines and opt-in plaintiffs Sara Holder and Sharlotte Cook. The settlement agreement is approved, and this case is **DISMISSED** with prejudice.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE